IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 5:99-cr-8(DCB)

TERRANCE CARVELL GUINN

ORDER

This cause is before the Court on the defendant Terrance Carvell Guinn's motion for writ of error coram nobis **(docket entry 55)**, request to proceed in forma pauperis **(docket entry 56)**, and motion to amend motion for writ of error coram nobis **(docket entry 57)**. Having carefully considered the motion and response, as well as the applicable law, and being fully advised in the premises, the Court finds as follows:

Guinn was originally sentenced on August 16, 1999, after pleading guilty to a violation of 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Convicted Felon. He was sentenced to thirty (30) months imprisonment, to be followed by a two (2) year term of supervised release. Guinn again appeared before the Court on August 3, 2004, and admitted guilt to the violations alleged in a Petition for Summons filed November 21, 2003. He was sentenced to time served (196 days) with a twelve (12) month term of reimposed supervised release. He again appeared before the Court on August 8, 2005, for a revocation hearing based on allegations that he had violated his conditions of supervised release as stipulated in a

Petition for Warrant filed June 28, 2005.  On August 19, 2005, the Court found the defendant not guilty of the alleged violations and, since Guinn's original date for termination of supervised release was August 2, 2005, ordered the defendant immediately terminated from supervised release.  From the address on Guinn's current pleadings, it appears that he is now a state inmate at Parchman.

Since Guinn's motion to amend his motion for writ of error coram nobis was filed before the government responded, and the government has responded to the additional allegations in the motion to amend, the motion to amend is granted and the additional allegations are deemed part of Guinn's motion for writ of error coram nobis.

In his motion for writ of error coram nobis, Guinn seeks to have his 1999 guilty plea vacated based on unconstitutionality of the statute, insufficiency of the indictment, and ineffective assistance of counsel.  The writ of error coram nobis is an extraordinary remedy of last resort, available only in compelling circumstances where necessary to achieve justice.  See United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997).  A court's jurisdiction over coram nobis petitions is limited to the review of errors "of the most fundamental character."  United States v. Mayer, 235 U.S. 55, 69 (1914); see also Carlisle v. United States, 517 U.S. 416, 428-29 (1996)(citing Mayer for the applicable standard governing coram nobis petitions, and stating that it is

difficult to conceive of a situation in a federal criminal case today in which coram nobis relief would be necessary or appropriate); Granville v. United States, 613 F.2d 125, 126 n.1 (5th Cir. 1980)(treating Mayer standard as controlling).

Because the defendant pleaded guilty, and because he waived his right to pursue post-conviction challenges to his conviction, he is procedurally barred from pursuing the instant petition for error coram nobis.  Furthermore, the defendant has failed to provide "sound reasons" for his failure to raise his current complaints prior to pleading guilty.  Even if he had not waived the right to bring the instant proceeding, his claim arises under 28 U.S.C. § 2255 and is untimely.

In addition, the defendant has failed to show that 18 U.S.C. § 922(g)(1) is unconstitutionally vague, that his indictment was insufficient, or that his counsel was ineffective.  Conclusory allegations are insufficient to obtain collateral relief.  Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

For the foregoing reasons, the Court finds that the defendant is not entitled to any of the relief sought in his motion for writ of error coram nobis.

Accordingly,

IT IS HEREBY ORDERED that the defendant Terrance Carvell Guinn's motion to amend motion for writ of error coram nobis **(docket entry 57)** is GRANTED;

FURTHER ORDERED that the defendant's motion for writ of error coram nobis **(docket entry 55)**, as amended, is DENIED;

FURTHER ORDERED that the defendant's request to proceed in forma pauperis **(docket entry 56)** is MOOT.

SO ORDERED, this the  25th  day of March, 2008.

   s/ David Bramlette   
UNITED STATES DISTRICT JUDGE
